# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Darrell E. McDaniel,**
**Claimant Below, Petitioner**

**vs.)    No. 21-1006**    (BOR Appeal No. 2056900)
                            (Claim No. 2019025078)

**ANR, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darrell E. McDaniel appeals the decision of the West Virginia Workers' Compensation Board of Review dated November 19, 2021, in which the Board determined that Mr. McDaniel has not met the whole person impairment threshold for pursuing permanent total disability benefits. Respondent ANR, Inc., filed a timely response.[1] The Board of Review affirmed the June 4, 2021, decision of the Workers' Compensation Office of Judges ("Office of Judges"), which affirmed the denial of the request for a permanent total disability award by the claims administrator on July 9, 2020. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. McDaniel sustained multiple work-related injuries during his forty-one years of employment in the coal mines. On May 31, 2019, Mr. McDaniel filed a permanent total disability application indicating that he had been awarded 63.37% in permanent partial disability benefits from his various occupational injuries and diseases. On July 23, 2019, the claims administrator found that he met the minimum requirements for further consideration of a permanent total disability award.[2] In accordance with West Virginia Code § 23-4-6(n)(1), Mr. McDaniel's claim

---

[1]Darrell E. McDaniel is represented by Reginald D. Henry, and ANR, Inc., is represented by H. Dill Battle III.

[2]Pursuant to West Virginia Code § 23-4-6(n)(1), a claimant must first meet the eligibility threshold by demonstrating that he or she has been awarded the sum of 50% in permanent partial disability award, or 35% in statutory disability awards. Most often the eligibility threshold is determined by simply adding the claimant's prior permanent partial disability awards. Once the eligibility threshold has been satisfied, the claimant will be reevaluated for a determination as to whether he or she meets the whole-person medical impairment threshold by being assessed with at least 50% whole-person impairment from all compensable injuries/diseases, or a 35% statutory award. *Id.*

was referred to the Permanent Total Disability Review Board ("PTD Review Board") to be reevaluated for a determination as to whether he meets the whole person medical impairment threshold by being assessed with at least 50% whole person impairment from all compensable injuries/diseases.

The PTD Review Board referred Mr. McDaniel to Joseph Grady, M.D., who prepared a report dated February 12, 2020, concluding that Mr. McDaniel was at maximum medial improvement with regard to all orthopedic injuries. In his report, Dr. Grady opined that Mr. McDaniel had a total of 29% whole person impairment. Dr. Grady found 9% for the right extremity, 8% for the left upper extremity, 8% for the cervical spine, and 8% for the lumbar spine. Dr. Grady concluded that Mr. McDaniel's impairment ratings included the bilateral upper extremities, as well as the cervical and lumbar spine injuries. However, Dr. Grady's impairment recommendation excluded Mr. McDaniel's occupational pneumoconiosis and occupational hearing loss ratings.

Mr. McDaniel was then referred to Dominic Gaziano, M.D., for evaluation of his occupational pneumoconiosis claims on February 13, 2020. In his report dated February 17, 2020, Dr. Gaziano opined that Mr. McDaniel has chronic obstructive pulmonary disease with significant reversibility of a minor degree. Based upon the significant reversibility of the bronchitis condition, Dr. Gazino found that the pulmonary function impairment of 15%, recommended by the Occupational Pneumoconiosis Board, is a valid measurement of Mr. McDaniel's pulmonary functional impairment.

For his history of occupational noise-induced hearing loss, Mr. McDaniel was evaluated by David Phillips, M.D., on March 2, 2020. Dr. Phillips reviewed an audiogram conducted by A. James Paine, M.D., with the Ear, Nose, and Throat Associates of Charleston, in 2019 and determined that the audiogram was the most accurate indicator of impairment at the time of Mr. McDaniel's retirement. Dr. Phillip's agreed with Dr. Paine that Mr. McDaniel's rating of whole person impairment should be 1.366% whole person impairment due to noise-induced hearing loss.

The impairment recommendations of Drs. Grady, Gaziano, and Phillips were referred to Randall Short, M.D., to determine Mr. McDaniel's combined whole person impairment. In his report dated March 30, 2020, Dr. Short utilized the Combined Values Chart on page 322 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*") and found that Mr. McDaniel has a total of 41% whole person impairment for all of his compensable conditions.

On April 8, 2020, the PTD Review Board issued its initial recommendations. It was found that Mr. McDaniel had a 41% whole person impairment for all of his compensable injuries based upon Dr. Grady's recommendation of 29%, 15% for occupational pneumoconiosis, and 1.366% for hearing loss. The PTD Review Board determined that Mr. McDaniel had not met the minimum requirements for further consideration for an award of permanent total disability of either 50% resulting from compensable injuries or of 35% statutory disability under West Virginia Code § 23-4-6(f). The PTD Review Board issued its final decision on July 9, 2020, finding that Mr. McDaniel

did not satisfy the 50% whole body medical impairment threshold. Mr. McDaniel filed a protest, and the Office of Judges assumed jurisdiction over the issue.

In support of his protest, Mr. McDaniel submitted the Evaluation for PTD report of Robert B. Walker, M.D., dated September 17, 2020. Dr. Walker reviewed the claimant's medical history and conducted a physical examination, while noting that Mr. McDaniel suffers from chronic pain in the neck and lower back, along with significant trauma in both upper extremities that interferes with "handling, lifting, and carrying." After his examination, Dr. Walker concluded that Mr. McDaniel's impairment ratings would include bilateral upper extremities, cervical and lumbar spine injuries, occupational hearing loss, and occupational pneumoconiosis. Dr. Walker opined that Mr. McDaniel has 55% whole person impairment under the AMA *Guides*. The 55% whole person impairment was based upon a finding of 14% for the right upper extremity; 13% for the left upper extremity; 15% for the cervical spine; 15% for the lumbar spine; 15% for occupational pneumoconiosis; and 1% for occupational hearing loss.

ANR, Inc., requested a record review of the independent medical evaluation reports of Drs. Grady and Walker by Marsha L. Bailey, M.D. In her report dated February 1, 2021, Dr. Bailey opined that Dr. Grady's impairment recommendations were easy to follow and supported by his physical examination findings. Dr. Bailey agreed with the opinions and impairment ratings given by Dr. Grady in his February 12, 2020, report. However, Dr. Bailey found numerous errors in Dr. Walker's September 17, 2020, impairment recommendations. Dr. Bailey noted that Dr. Walker failed to follow the General Measurement Principles under the Range of Motion Model for the examination of Mr. McDaniel's spine. Dr. Walker provided only two measurements for each cervical and lumbar spine range of motion where the AMA *Guides* direct examiners to select at least three consecutive spine range of motion measurements. Dr. Bailey also found that Dr. Walker failed to apply the validity test for spine range of motion measurements as set forth by the General Measurements Principles. Dr. Bailey opined that Dr. Walker failed to apply the State of West Virginia validity tests as instructed on the Low Back Examination form. Dr. Walker also did not provide straight leg measurements when Mr. McDaniel was seated, and, therefore, he could not compare those measurements for validity or symptom amplification. Dr. Bailey questioned Dr. Walker's application of the Table ratings for Mr. McDaniel's cervical and lumbar spine recommendations, as well as the impairment rating for right carpal tunnel syndrome. Using Dr. Walker's physical examination findings and measurements, Dr. Bailey found a combined total of 47% whole person impairment.

In a decision dated June 4, 2021, the Office of Judges found that Mr. McDaniel has not established by a preponderance of the evidence that he has whole person impairment of 50% or more from his compensable injuries. Dr. Walker's recommendations for the cervical and lumbar spine were found to be unreliable. The Office of Judges determined that the only reliable rating for Mr. McDaniel's cervical and lumbar spine was from Dr. Grady, who opined 8% whole person impairment. The Office of Judges stated, "[e]ven if one were to combine the 8% for the cervical and the 8% for the lumbar spine with the remaining highest impairment ratings for the remaining injuries regardless of reliability, the claimant would not meet or exceed the 50% WPI threshold requirement. . . per the Combined Values Chart of the AMA *Guides*" The Office of Judges concluded that the claims administrator was not in error in finding that Mr. McDaniel does not

suffer from a whole body medical impairment of 50% or more resulting from either a single occupational injury or occupational disease, or a combination of such injuries or disease. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the June 4, 2021, decision in an order dated November 19, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. V. Off. Ins. Comm'n.*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

This case is before this Court to determine whether or not Mr. McDaniel has met the second threshold to entitle him to further consideration for a permanent total disability award. It is Mr. McDaniel's position that the Board of Review's decision is clearly wrong and should be reversed because a preponderance of the evidence of record establishes that he has a total of 63.37% permanent impairment from his various occupationally related injuries and diseases. As such, he maintains that he has met the whole person impairment threshold for further consideration of a permanent total disability award. ANR, Inc., argues that Mr. McDaniel has not demonstrated with reliable and credible evidence that the Office of Judges was clearly wrong in affirming the July 9, 2020, order denying his application for permanent total disability benefits because he did not suffer 50% or more whole body medical impairment, as required under West Virginia Code § 23-4-6(n)(1).

After review, we agree with the conclusions of the Office of Judges as affirmed by the Board of Review. In this claim, the PTD Review Board determined that Mr. McDaniel has 41% whole person impairment, and he does not have whole person impairment of at least 50%. Mr. McDaniel contends that he has met the statutory threshold based upon his prior awards and the assessment of Dr. Walker. However, the record indicates that Dr. Walker's impairment assessment was unreliable because he failed to correctly apply the AMA *Guides*, and he did not correctly apply the Tables of West Virginia Code of State Rules § 85-20 for cervical and lumbar spine impairment recommendations. Because Mr. McDaniel's argument and recalculation of impairment relies upon the recommendation of Dr. Walker, he has not submitted sufficient evidence to support a finding that the PTD Review Board was clearly wrong. Thus, Mr. McDaniel is not eligible for further consideration for a permanent total disability award. The evidentiary record supports the Board of Review's decision, and the order dated November 19, 2021, is affirmed.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn